IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KELLY BIRMELIN, Individually as : No. 3:24cv1369
Administratrix and Heir of the Estate :
of Michael Birmelin, : (Judge Munley)
                Plaintiff :
    v. :
:
VERIZON PENSION PLAN :
FOR ASSOCIATES, :
                Defendant :
............................................................................................................

## MEMORANDUM ORDER

Before the court is a motion to dismiss filed by Defendant Verizon Pension Plan for Associates pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 4). Rather than address defendant's arguments in support of dismissal at this time, a ruling on the motion to dismiss will be deferred due to issues involving the state court judgment obtained before the removal of this action.

By way of brief background, Plaintiff Kelly Birmelin's husband, Michael Birmelin, was a former employee of Verizon.[1] (Doc. 1-1, Compl., ¶ 4). He passed away on July 15, 2023. (Id. ¶ 1). Plaintiff alleges that, as the surviving spouse, she is entitled to survivor pension benefits under the Mid-Atlantic Plan of

---

[1] These background facts are derived from plaintiff's eleven-paragraph complaint, (Doc. 1-1), defendant's notice of removal and exhibits, (Doc. 1), and a document filed by plaintiff entitled "Additional Procedural History," (Doc. 7). The court makes no determination, however, as to the ultimate veracity of these assertions.

the Verizon Pension Plan for Associates. (Id. ¶¶ 4-5). Per plaintiff, defendant advised her that she could only receive 65% survivor annuity benefits rather than the full amount. (Id. ¶¶ 5-9). Plaintiff believes that her husband's accumulated vacation and sick time should be factored into defendant's calculations for benefits. (Id. ¶ 7). According to plaintiff, if such time was factored into defendant's calculations, she would receive 100% of available benefits. (Id. ¶¶ 6-7). Plaintiff seeks a recalculation of her husband's time of employment in Count I of the complaint and a declaration that 100% of benefits should be paid under the plan. (Id. ¶ 9). In Count II, plaintiff alleges that defendant breached the contractual requirements of the plan, entitling her to "past and future 100% benefits." (Id. ¶ 11).

Plaintiff initiated this action in the Wayne County Court of Common Pleas on April 1, 2024. (Doc. 1-1, Compl. ECF p. 4). According to plaintiff, she served defendant by certified mail, return receipt requested, and the complaint was accepted at defendant's address. (Doc. 7, Proc. History ECF p. 1). Plaintiff asserts that, following defendant's failure to respond to the complaint, she filed a praecipe for entry of a default judgment on June 28, 2024, after which the state court entered a default judgment against the defendant. (Id.) Per plaintiff, she then served the default judgment on defendant by mail. (Id.)

In its notice of removal, Defendant presents a markedly different account as to service.[2] As asserted by defendant, neither Verizon nor Verizon Pension Plan for Associates was ever served with the complaint or any other filings in the state court action. (Doc. 1, Notice of Removal ¶ 6). A docket sheet attached to the notice of removal indicates that defendant filed a petition to strike or open the default judgment in state court on August 7, 2024. (Doc. 1-2, Ex. B, Docket Sheet ECF p. 2). In its state court petition, defendant contended that service of process was invalid and facially defective. (Doc. 1-4, Defendant's Petition ¶¶ 10, 15, 21). Defendant then removed this matter on August 14, 2024, prior to any ruling on the state court petition regarding the default judgment. (Doc. 1, Notice of Removal; Doc. 8, Def. Reply Br. ¶ 2).

This unusual procedural posture raises several questions, the first of which pertains to jurisdiction. Although not explicitly referenced in plaintiff's complaint, defendant asserts that this action seeks benefits under a pension plan governed by and subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* (Doc. 1, Notice of Removal, ¶¶ 1, 11). Defendant further

---

[2] In its notice of removal, defendant attached copies of the Wayne County Court of Common Pleas's docket sheet, (Doc. 1-2, Ex.B, Docket Sheet), plaintiff's praecipe for entry of default judgment, (Doc. 1-3, Ex. C, Praecipe), and defendant's petition to strike or open default judgment. (Doc. 1-4, Ex. D, Defendant's Petition). The court will consider these documents since "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States . . . a notice of removal . . . together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

contends that the claims asserted against it include claims arising under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). (Id.) Per defendant, subject matter jurisdiction is proper pursuant to the complete preemption doctrine because plaintiff's cause of action is, in substance, one to recover benefits due under an ERISA pension plan. (Id. ¶¶ 1, 12). Upon review of the plaintiff's complaint, the court concurs with defendant's position.[3] Hence, this action "arise[s] under the ... laws ... of the United States," 28 U.S.C. § 1331, and is removable to federal court by the defendant, 28 U.S.C. § 1441.[4]

---

[3] "Ordinarily, a defense of federal preemption does not provide a basis for removal because it does not appear on the face of the well-pleaded complaint." Maglioli v. All. HC Holdings LLC, 16 F.4th 393, 407 (3d Cir. 2021). Nonetheless, "[t]he complete-preemption doctrine provides that a federal question *does* appear on the face of the complaint when Congress 'so completely pre-empt[s] a particular area that any civil complaint raising [the] select group of claims is necessarily federal in character.'" Id. (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63–64 (1987) (citation altered)). "In other words, a federal statute's preemptive force can be so great that we treat a displaced state-law claim as if it were a federal claim." Id.

"ERISA's civil enforcement mechanism, § 502(a), 'is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule,' and permits removal. New Jersey Carpenters & the Trs. Thereof v. Tishman Const. Corp. of New Jersey, 760 F.3d 297, 303 (3d Cir. 2014) (quoting Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004)). Section 502(a)(1)(B) of ERISA "creates an exclusive federal cause of action for resolution of . . . disputes [related to recovery of benefits under a covered plan]." Maglioli, 16 F.4th at 408. Thus, "[t]he state claim, which fell under the scope of § 502(a)(1)(B) of ERISA, was thus 'necessarily federal in character' and removable to federal court." Id. (quoting Metro. Life Ins., 481 U.S. at 67).

[4] Additionally, Defendant asserts that the court has diversity jurisdiction over this matter because the controversy exceeds $75,000 and is between citizens of different states. (Doc. 1, Notice of Removal ¶ 2). Plaintiff is a citizen of the Commonwealth of Pennsylvania. (Doc. 1-1, Compl. ¶ 2). The estate of Michael Birmelin was filed in Wayne County, Pennsylvania. (Id. ¶ 1). Nationwide is a Virginia business entity with its principal place of business in Norfolk, Virginia. (Id. ¶ 3). Because complete diversity of citizenship exists among the parties and the amount

4

Although jurisdiction is proper in this court, the instant case was removed with a state court judgment already in place. A second question thus arises as to the proper method of challenging a default judgment in a case removed from state to federal court.

After careful consideration of the issues, the court cannot resolve the pending motion to dismiss until it addresses the existence of the state court default judgment. Defendant's state court petition to strike or open the default judgment is not properly before the court. "The federal rules apply after removal and 'neither add to nor abrogate what has been done in the state court prior to removal.' " Butner v. Neustadter, 324 F.2d 783, 785 (9th Cir. 1963) (citation omitted). Upon removal, "the federal court takes the case as it finds it" and "treats everything that occurred in the state court as if it had taken place in federal court." Id. (first citing Duncan v. Gegan, 101 U.S. 810, 812 (1879); then citing Savell v. Southern Ry. Co., 93 F.2d 377, 379 (5th Cir. 1937)). Therefore, a default judgment entered in state court is treated as though it had been validly rendered in federal court. Id. That does not mean, however, that the default judgment must be vacated as a matter of law. Id. Rather, "a motion to set aside a default may be made in the district court under Federal Rule of Civil Procedure

---

in controversy exceeds $75,000, the court has jurisdiction over this case. 28 U.S.C. § 1332(a)(1).

60(b)[.]" Id.; see also Pennsylvania Nat. Bank & Tr. Co. v. Am. Home Assur. Co., 87 F.R.D. 152, 154 (E.D. Pa. 1980) ("The proper procedure respecting the opening . . . of a removed default judgment is to file a motion to set aside or open the default judgment in federal court, [FED. R. CIV. P.] 60(b), which treats the default judgment removed from state court 'as though it had been validly rendered in the federal proceeding.' "); Zokaites Props., LP v. La Mesa Racing, LLC, 2012 WL 6015818, at *1 (W.D. Pa. Dec. 3, 2012) (Kelly, M.J.).[5]

Defendant has not yet filed an appropriate motion under the Federal Rules of Civil Procedure. In its reply brief regarding the motion to dismiss, defendant expressed its intent to supplement its state court petition to strike or open the default judgment by filing a motion pursuant to Federal Rules of Civil Procedure 55 and 60. (Doc. 8, Def. Reply Br. ¶ 3). Thus, in addition to deferring a ruling on the motion to dismiss, the court will provide a deadline for defendant to file the appropriate motion.

---

[5] Similar to this case, Zokaites Props., LP raised questions concerning improper service in state court and the validity of a state court default judgment. 2012 WL 6015818, at *2. Consequently, the defendant filed a motion for relief from judgment by default pursuant to Federal Rule of Civil Procedure 60(b)(4). Id.

6

Accordingly, it is hereby **ORDERED** that:

1) The court will revisit defendant's motion to dismiss, (Doc. 4), upon disposition of a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), if necessary; and

2) Defendant shall file the appropriate motion within twenty (20) days of the date of this order.

Date: 9/16/25

JUDGE JULIA K. MUNLEY
United States District Court