IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLY BIRMELIN, Individually as Administratrix and Heir of the Estate of Michael Birmelin, Plaintiff | : | No. 3:24cv1369 |
| v. | : | (Judge Munley) |
| VERIZON PENSION PLAN FOR ASSOCIATES, Defendant | : | |

FILED
SCRANTON
AUG 06 2026
PER Cac
DEPUTY CLERK

**MEMORANDUM ORDER**

Before the court is a motion to strike and/or vacate default filed by Defendant Verizon Pension Plan for Associates ("Plan"). (Doc. 10). Also pending is a motion to dismiss filed by the defendant. (Doc. 4). The motions will be granted.

**Background**

Plaintiff Kelly Birmelin's husband, Michael Birmelin, was a former employee of Verizon.[1] (Doc. 1-1, Compl., ¶ 4). He passed away on July 15, 2023. (Id. ¶ 1). As the surviving spouse, plaintiff alleges that she is entitled to survivor pension benefits under the Mid-Atlantic Plan of the Verizon Pension Plan for

[1] These background facts are derived from plaintiff's eleven-paragraph complaint, (Doc. 1-1), defendant's notice of removal and exhibits, (Doc. 1), a document filed by plaintiff entitled "Additional Procedural History," (Doc. 7), and exhibits filed in conjunction with the motion to strike, (Docs. 11-1, 11-2, 12-1, 13-1, 13-2).

Associates.[2] (Id. ¶¶ 4-5). Per plaintiff, however, the Plan advised her that she could only receive 65% survivor annuity benefits rather than the full amount. (Id. ¶¶ 5-9). Plaintiff believes that her husband's accumulated vacation and sick time should be factored into defendant's calculations for benefits. (Id. ¶ 7). According to plaintiff, if such time was factored into defendant's calculations, she would receive 100% of available survivor benefits. (Id. ¶¶ 6-7).

In Count I of her complaint, Birmelin seeks a declaratory judgment recalculating her husband's time of employment and a declaration that 100% of benefits should be paid by the Plan. (Id. ¶ 9). In Count II, plaintiff alleges that defendant breached the contractual requirements of the pension plan, entitling her to "past and future 100% benefits." (Id. ¶ 11).

Birmelin initiated this action in the Wayne County Court of Common Pleas on April 1, 2024. (Doc. 1-1, Compl. ECF p. 4). According to plaintiff, she served the Plan by certified mail, return receipt requested, and the complaint was accepted at defendant's address. (Doc. 7, Proc. History ECF p. 1). Plaintiff asserts that, following defendant's failure to respond to the complaint, she filed a praecipe for entry of a default judgment on June 28, 2024, after which the state

[2] The court will refer to the Mid-Atlantic Plan of the Verizon Pension Plan for Associates as "the pension plan" in this memorandum.

court entered a default judgment against the defendant. (Id.) Per plaintiff, she then served the default judgment on defendant by mail. (Id.)

The Plan presents a markedly different account as to service. As asserted by the defendant, neither Verizon nor the Plan were ever served with the complaint or any other filings when this matter was pending in Wayne County. (Doc. 1, Notice of Removal ¶ 6). A docket sheet attached to the notice of removal indicates that defendant filed a petition to strike or open the default judgment in state court on August 7, 2024. (Doc. 1-2, Ex. B, Docket Sheet ECF p. 2). In its state court petition, defendant contended that service of process was invalid and facially defective. (Doc. 1-4, Defendant's Petition ¶¶ 10, 15, 21). Defendant then removed this matter on August 14, 2024, prior to any ruling on the state court petition regarding the default judgment. (Doc. 1, Notice of Removal; Doc. 8, Def. Reply Br. ¶ 2).

Thereafter, the Plan filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which remains ripe for disposition. (Doc. 4). In the motion to dismiss, the Plan argues that Birmelin's state court causes of action are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* and that leave to amend would be futile due to the failure

of the plaintiff to exhaust her administrative remedies under the pension plan's terms.[3]

Upon reviewing the motion to dismiss, the court determined it could not rule on the Plan's dismissal arguments absent a motion seeking relief from the state court default judgment. Birmelin v. Verizon Pension Plan for Assocs., No. 3:24CV1369, 2025 WL 2656067, at *2 (M.D. Pa. Sept. 16, 2025). Defendant timely filed that motion in accordance with the court's prior order, which is also now ripe for disposition.

**Analysis**

**I. The Plan's Motion to Set Aside Default Judgment**

According to the record in this case, the Plan was served with the state court complaint at P.O. Box 8998, Norfolk VA 23501-8998 by United States Postal Service Certified Mail with a return receipt requested. (Doc. 7-1). An individual signed for the mail and the return receipt was shipped back to plaintiff's counsel. Id.

The Plan asserts that service was defective because this post office box was not the defendant's address. Additionally, the Plan contends that Birmelin failed to comply with the Pennsylvania Rules of Civil Procedure in obtaining the

[3] The court previously determined that it has subject matter jurisdiction under the federal question statute, 28 U.S.C. § 1331 and the diversity statute, 28 U.S.C. § 1332(a).

default judgment in the Wayne County Court of Common Pleas. Based on these defective service arguments, defendant attacks the default judgment under the Federal Rules of Civil Procedure.

Two Federal Rules of Civil Procedure apply here. Federal Rule of Civil Procedure 55(c) authorizes the Court to "set aside a default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). The cross-referenced Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: ...
>
> (1) mistake, inadvertence, surprise or excusable neglect; ...
>
> (4) the judgment is void; ...
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Because Rule 60(b)(4) factors into the Plan's lead argument, the court will start its analysis there. "A default judgment entered when there has been no proper service of the complaint is...void, and should be set aside" under Rule 60(b)(4). Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985).

In opposition, Birmelin insists that service upon the defendant was proper at the P.O. Box 8998 Norfolk, Virginia address. Attempting to make service on a defendant at a post office box is a risky proposition. After review, however, the evidence in this case favors the plaintiff.

The Plan has provided its summary plan description as an exhibit in support of its motions. Within the summary plan description, there is a section entitled "Administrative Information." (Doc. 11-1 at 60–62). An agent for service of legal process is identified within this section. (Id. at 62). Just below that individual's name and address, the summary plan description provides that: "Legal process may also be served on the Plan administrator or the Plan trustee." (Id.) Above that designation is information concerning the Plan administrator. That section provides:

> **Plan Administrator**
>
> The administrator for the Plan is the Verizon Employee Benefits Committee. You can reach the Plan administrator by writing to:
>
> Verizon Employee Benefits Committee
> c/o Verizon Benefits Center
> P.O. Box 8998
> Norfolk, VA 23501-8998

(Id. at 60-61).

To recap, the Plan provided beneficiaries with a summary plan description as required by ERISA, 29 U.S.C. § 1022(a). As required by law and Department of Labor regulations, that document contained the names and addresses of those designated to be served with legal process, which included the Plan administrator. See 29 U.S.C. § 1022(b), 29 C.F.R. § 2520.102-3(g). The Plan provided a post office box to reach the Plan administrator. The Plan also

indicated that legal service to be served on the Plan administrator. The Plan did not provide another address to serve the Plan administrator in the summary plan description.

Despite these particularly clear terms, the Plan doubles down in its brief in support of the motion: "The SPD [summary plan description] does not include an address for the Verizon Employee Benefits Committee/Plan Administrator." (Doc. 11, Def. Br. in Supp. at 7). Per the defendant, the proper address for service upon the Plan administrator is at the operational headquarters for Verizon in Basking Ridge, New Jersey and that address may be found on the Form 5500 for the Plan filed with the Department of Labor as required by law. (Id. at 7–8). Furthermore, defendant argues:

> Birmelin did not serve any of the Plan's identified agents for service of legal process. Instead, Plaintiff attempted service by certified mail but failed to address her mailing to the Agent for Process identified in the Plan's SPD, or to the Trustee or the Plan Administrator, and sent process to a P.O. Box for a Plan service center and not to offices of the Plan, the Verizon Employee Benefits Committee (the Plan Administrator) or the Agent for Process. The P.O. Box address is nowhere identified in the SPD as an address for service of legal process but only as a service center address where a participant "can reach" the Plan's Claims Administrator (which is not the same as the Plan Administrator) with inquiries.

(Doc. 11 at 14).

Arguments caked in administrative sludge are not persuasive. In the summary plan description, the only reference to the Basking Ridge, New Jersey address is for the "Plan Sponsor/Employer." (Doc. 11-1 at 60). If Birmelin attempted to serve her complaint on the Plan at that address, she would have contradicted the terms of the summary plan description.

Furthermore, to the extent that the parties parse state service rules, the court has already determined that ERISA governs this case. The statute provides:

> An employee benefit plan may sue or be sued under this subchapter as an entity. Service of summons, [subpoena], or other legal process of a court upon a trustee or an administrator of an employee benefit plan in his capacity as such shall constitute service upon the employee benefit plan.

29 U.S.C. § 1132(d).

Circling back to the requirements for summary plan descriptions discussed above, federal regulations require summary plan descriptions to contain the "name, business address and business telephone number of the plan administrator[,]" 29 C.F.R. § 2520.102-3(f), and "a statement that service of legal process may be made upon a plan trustee or the plan administrator," 29 C.F.R. § 2520.102-3(g). The Plan's summary plan description attempted to comply with ERISA and its associated regulations by supplying a post office box as the business address for the plan administrator and a statement that service of legal

process could be made on the plan administrator. Birmelin served her complaint on the address for the plan administrator in a manner that accords with these terms.[4] Therefore, because the Plan explicitly designated that mailing address in its summary plan description, the court will not set aside the default judgment as void based upon the manner in which the complaint was served, even if those service efforts involved mailing legal process to a post office box.

This is a fleeting victory for the plaintiff, however. The Third Circuit "does not favor entry of defaults or default judgments. [It] require[s] doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.' " United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984) (quoting Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951)). Under Rules 55(c) and 60(b), a default judgment may also be set aside due to mistake, inadvertence,

[4] In fairness to the Plan, Birmelin did not rely upon the summary plan description when she served the complaint at the post office box. (Doc. 12, Br. in Opp. at 3). The court notes plaintiff's fortuity. Furthermore, service of process outside of Pennsylvania is governed by Pennsylvania Rule of Civil Procedure 404, which authorizes service by mail in the manner provided in Rule 403. See PA. R. CIV. P. 404(2). Pennsylvania Rule 403 states that "process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail." PA. R. CIV. P. 404(2). An individual signed for the mail at the post office box and a return receipt was provided. Plaintiff would not know the relationship of that individual to the Plan absent this litigation.

surprise or excusable neglect. FED. R. CIV. P. 60(b)(1). This rule provides sufficient grounds to set aside the default judgment entered in this case.

In exercising its discretion under Rule 60(b)(1), the court must apply four factors: (1) prejudice to the plaintiff, (2) whether the defendant has a meritorious defense, (3) the excusable or culpable nature of the defendant's conduct, and (4) the effectiveness of alternative sanctions. Budget Blinds, Inc. v. White, 536 F.3d 244, 256–57 (3d Cir. 2008) (citing $55,518.05 in U.S. Currency, 728 F.2d at 195 and Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987)).

***Prejudice to the Plaintiff*** – Prejudice exists when setting aside the default would impair the plaintiff's ability to pursue her claims. Emcasco Ins. Co., 834 F.2d at 74. The "loss of available evidence, increased potential for fraud or collusion, or substantial reliance [on the default]" support a finding of prejudice. Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 657 (3d Cir. 1982).

According to the complaint, this case comes down to whether Michael Birmelin worked the requisite amount of time with Verizon and its predecessors so that his wife, Kelly Birmelin, may recieve 100% of his pension benefits as a surviving spouse under the terms of the pension plan.[5] In opposing the Plan's motion, Birmelin repeatedly references delay, but she has not indicated that

[5] The Plan has cited to terms suggesting that Birmelin is only entitled to 65% benefits. The court need not reach this ultimate issue in addressing the pending motions.

witness testimony would be impaired or that documents have been lost or destroyed. If plaintiff's theory of recovery is sound, there is no evidence that documents supporting the Plan's service time calculation cannot be obtained. "Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent [ ] opening a default judgment entered at an early stage of the proceeding." Feliciano, 691 F.2d at 656–57.

***Meritorious Defenses*** - A meritorious defense must be supported by "specific facts beyond simple denials or conclusionary statements" that, if proven at trial, constitute a complete defense. $55,518.05 in U.S. Currency, 728 F.2d at 195. Here, the Plan responded to the complaint with a Rule 12(b)(6) motion to dismiss asserting ERISA preemption of plaintiff's state court declaratory judgment and breach of contract claims. The Plan also argued that the plaintiff failed to exhaust her available remedies before filing suit. Both are meritorious defenses for reasons developed in the prior memorandum order and further below.

***Defendant's Conduct*** – The third factor considers whether the Plan acted culpably, i.e., willfully or in bad faith. Feliciano, 691 F.2d at 657. Despite the language of the summary plan description, the Plan asserts that it did not have notice of this litigation because it contracted with an administrative services vendor to staff Verizon's Benefit Center. That vendor then contracted with a

courier to pick up mail from the post office box where the complaint was mailed. Such conduct may demonstrate a lack of vigilance, but it does not evince willful evasion of this action or flagrant bad faith. Emcasco Ins. Co., 834 F.2d at 74.

***Alternative Sanctions*** – Finally, the court must consider alternative sanctions. After reviewing this case carefully, an alternative to default judgment exists. That is, the drafters of the summary plan description are admonished for using language that placed the Plan in this position. The Plan itself is admonished for not anticipating that lawsuits could be served on it at an address explicitly provided to beneficiaries in plan documents and other correspondence.

***Balancing the Factors*** – All of the above factors weigh in favor of setting aside the default judgment in this case under Rule 60(b)(1). Thus, the Plan's motion will be granted and the default judgment entered in this case by the state court will be set aside.

## II. Motion to Dismiss

Returning to the Plan's motion to dismiss Birmelin's complaint, the court has already determined that the plaintiff's state law causes of action are preempted by ERISA. Birmelin, 2025 WL 2656067, at *2 and n.3. The Plan's motion to dismiss plaintiff's state law claims must be granted.

The court will not dismiss this case in a summary manner under the circumstances. Rather, it is proper to consider whether Birmelin should be

provided with leave to amend her complaint to conform with the causes of action recognized by ERISA, see 29 U.S.C. § 1132(a)(1)(B), (a)(3). Despite the Plan's arguments to the contrary, it does not appear that amendment would be futile in this case. However, the parties agree that the plaintiff has not exhausted the Plan's claim and appeal procedures prior to filing suit. Consequently, the court will enter an order granting the Plan's motion to dismiss but providing Birmelin with an opportunity to amend her complaint. The court will not set a deadline for that amended complaint to be filed. Rather, the court will grant the plaintiff's request for a stay while she exhausts the procedures set forth in the Plan documents.

**Conclusion**

For the reasons set forth above, the Plan's motion to set aside default judgment and motion to dismiss will be granted. Plaintiff will be granted leave to amend. The case will be stayed and administratively closed while plaintiff's exhausts her remedies under the Plan. The parties will be directed to provide a status report every 90 days. The court will provide the plaintiff with a deadline to file an amended complaint upon notice that the Plan claim and appeals process has been exhausted. An appropriate order follows.

**Date:** 8/6/26

JUDGE JULIA K. MUNLEY
United States District Court